```
              UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

```
   JESSICA ROSSI,
                                     1:19-cv-08544-NLH
             Plaintiff,
                                     OPINION AND ORDER
   v.

   COMMISSIONER OF SOCIAL
   SECURITY,
             Defendant.
```

**APPEARANCES**:

RICHARD LOWELL FRANKEL
BROSS & FRANKEL, PA
725 KENILWORTH AVE
CHERRY HILL, NJ 08002

*Attorney for Plaintiff*

KATIE M. GAUGHAN
SOCIAL SECURITY ADMINISTRATION, OFFICE OF PROGRAM LITIGATION
OFFICE OF GENERAL COUNSEL
6401 SECURITY BOULEVARD
BALTIMORE, MD 21235

**STUART WEISS**
SOCIAL SECURITY ADMINISTRATION, OFFICE OF PROGRAM LITIGATION
6401 SECURITY BOULEVARD
BALTIMORE, MD 21235

*Attorneys for the Defendant*

**HILLMAN, District Judge**

WHEREAS, this matter comes before the Court pursuant to the Social Security Act, 42 U.S.C. § 406(b), to review Richard L. Frankel, Esquire's (Counsel of Plaintiff, "Counsel") Motion for

1

Attorney's Fees (ECF 16); and

WHEREAS, on May 11, 2020, Defendant filed a stipulated consent order for Payment of Equal Access to Justice Act ("EAJA") Fees allowing Counsel a fee award under the EAJA in the amount of $4,500.00 and costs in the amount of $400.00 in full satisfaction of Counsel's EAJA; and

WHEREAS, on May 12, 2020, the Consent Order was approved by this Court; and

WHEREAS, on March 8, 2023, Counsel filed a motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), in the amount of $30,692.75 (ECF 16); and

WHEREAS, the attorney fee provision of the Social Security Act provides, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which claimant is entitled by reason of such judgment," 42 U.S.C. § 406(b)(1); and

WHEREAS, Counsel has certified that a total of 23.7 hours were expended on Plaintiff's civil action, which led to a positive result for Plaintiff, who contractually agreed to pay the contingency fee (ECF 16-1 at 2); and

WHEREAS, on remand Plaintiff was awarded $122,771.10 in

past-due benefits as well as on-going benefits of $1,624.40 (Id. at 1); and

WHEREAS, Counsel has agreed to remit to Plaintiff the $4,500 in EAJA fees which the Court previously awarded on May 12, 2020; and

WHEREAS, the Commissioner has filed a letter response to Counsel's petition for attorney's fees, neither supporting nor opposing counsel's request for attorney's fees in the amount of $30,692.75 (ECF 18); and

WHEREAS, the Court further notes that when determining whether an amount is reasonable, courts in the Third Circuit have considered the amount of time spent on the case, the result achieved, the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding, see Leak v. Commissioner of Social Security, No. 11-51, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017) (citations omitted); and

WHEREAS, the Court further notes that a higher contingency fee is reasonable given the risk of non-recovery if Plaintiff's claims were unsuccessful, see id.; and

WHEREAS, "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for

3

fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002);

WHEREAS, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." Id. at 808; and

WHEREAS, "[t]he district courts are required to be faithful stewards of the public funds expended for attorneys' fees." Amparo v. Comm'r of Soc. Sec., No. 2:12-6403, 2014 WL 4678033, at *3 (D.N.J. Sept. 18, 2014); and

WHEREAS, the Court finds that the following factors weigh in favor of the requested and contractually agreed-upon 25 percent contingency fee:

    1. Counsel has agreed to remit to Plaintiff the $4,500 in EAJA fees which the Court previously awarded on May 12, 2020; and

    2. There is no evidence that Counsel delayed proceedings to increase the fees accrued in this matter; and

    3. Counsel has approximately eighteen years of experience, dedicated to representing claimants in social security matters (ECF 16-1 at 3 n. 3); and

    4.    Counsel was able to convince the Administration via briefing on remand that the Plaintiff was owed retroactive benefits, and that Plaintiff continued to be disabled for ongoing future benefit payments, provided Plaintiff remains disabled (ECF 16-1 at 1); and

    5.    Plaintiff agreed to the 25 percent contingency fee (Id. at 2); and

WHEREAS, the Court finds that the following weigh against the requested 25 percent contingency fee:

    1.    The fee requested would result in an imputed effective hourly rate of $1,295.05; and

    2.    Counsel has advised that his standard non-contingent fee rate is $450.00 per hour.  (ECF 16-1 at 2 n.1).  Thus, the imputed hourly rate here is nearly three times the amount of Counsel's standard rate;[1] and

    3.    Counsel has not pointed to any specific complexities of this case, rather this case appears routine; and

WHEREAS, the Court is required to engage in a reasonableness assessment of the fees requested.  <u>Gisbrecht</u>, 535

---

[1] We note that Counsel advised that "the fee requested would result in an imputed effective hourly rate which is approximately less than twice Mr. Frankel's standard non-contingent fee rate of $450.00 per hour.  (ECF 16-1 at 2).  However, as explained above, this is inaccurate.  The imputed rate is actually just less than three times his standard rate.

5

U.S. at 808. ("Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."); and

WHEREAS, the Court finds therefore that the foregoing factors show that the 25 percent contingency permitted by § 406(b) is unreasonable under these circumstances;

WHEREAS, Courts in this Circuit have found an imputed hourly rate that is less than twice an attorney's standard hourly rate is reasonable in the social security context, and an imputed rate that is equal to or slightly higher than twice counsel's standard hourly rate may be reasonable. Rothenbecker v. Astrue, 764 F. Supp. 2d 697, 699 (M.D. Pa. 2011) (quoting Hayes v. Sec'y of HHS, 923 F.2d 418, 422 (6th Cir. 1990)) ("[An] hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable."); and

WHEREAS, this Court will reduce Counsel's hourly rate in this matter from the imputed hourly rate of $1,295.05 to $950.00, which is slightly higher than twice Counsel's standard non-contingent fee rate of $450. See Rothenbecker v. Astrue, 764 F. Supp. 2d 697, 699 (M.D. Pa. 2011) (reducing the imputed

6

hourly rate of $1013.50 to $850.00 where counsel's standard non-contingency hourly rate was $400.00, thus awarding an hourly rate just over twice his standard rate); and

WHEREAS, fees for 23.7 hours at a rate of $950.00 would result in fees of $22,515.00;

Accordingly,

IT IS on this 6th day of October, 2023

ORDERED that the Clerk shall reopen the case and shall make a new and separate docket entry reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Counsel remit to Plaintiff any amount received in EAJA fees pursuant to this Court's previous award on May 12, 2020, if any; and it is further

ORDERED that Counsel's Motion for Attorney's Fees Pursuant to the Social Security Act be, and the same hereby is, GRANTED in part and DENIED in part, and Counsel shall be awarded $22,515.00 in attorney's fees; and it is finally

ORDERED that the Clerk shall re-close the file and make a new and separate docket entry reading "CIVIL CASE TERMINATED."

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.